IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 8, 2020

**JEFFERY YATES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 02-00754          Chris Craft, Judge**
_____

**No. W2019-00407-CCA-R3-PC**
_____

Petitioner, Jeffery Yates, appeals from the summary dismissal of his latest petition for post-conviction relief. Petitioner has repeatedly and unsuccessfully challenged his convictions and sentences. In this, his latest challenge, Petitioner filed a petition for post-conviction relief challenging his 2003 convictions. He alleged that he had received the ineffective assistance of counsel and that the trial court had improperly amended his judgment of conviction. The post-conviction court summarily dismissed the petition, concluding that the grounds for relief had clearly been waived because they had not been raised in Petitioner's prior petitions for post-conviction relief. Following our review, we conclude that an opinion in this case would have no precedential value and affirm the judgment of the post-conviction court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Jeffery Yates, Clifton, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 1993, Petitioner was convicted of especially aggravated kidnapping, attempted aggravated robbery, and aggravated kidnapping. Petitioner received an effective sentence of 18 years. *Jeffery D. Yates v. State*, No. 02C019608-CR-00276, 1997 WL 399311, at

*1 (Tenn. Crim. App. July 16, 1997), *perm. app. denied* (Tenn. Feb. 23, 1998). In 1994, Petitioner pleaded guilty to five counts of aggravated assault and two counts of possession of cocaine with intent to sell, and he received an effective ten-year sentence that was ordered to run concurrently with the sentences for his 1993 convictions. *Jeffery Yates v. State*, No. W2007-02868-CCA-R3-HC, 2008 WL 3983111, at *1 (Tenn. Crim. App. Aug. 27, 2008), *perm. app. denied* (Tenn. Jan. 20, 2009).

In 2003, Petitioner was convicted of aggravated robbery and sentenced as a Range III, career offender to serve 30 years' incarceration. *State v. Jeffery Yates*, No. W2003-02422-CCA-MR3-CD, 2005 WL 1707974, at *1 (Tenn. Crim. App. July 21, 2005), *perm. app. denied* (Tenn. Dec. 19, 2005). Petitioner did not challenge his sentence on direct appeal. *Id*. Petitioner sought post-conviction relief, alleging that his trial counsel and appellate counsel were ineffective. On appeal, a panel of this court affirmed the post-conviction court's denial of relief. *Jeffery Yates v. State*, No. W2008-02498-CCA-R3-PC, 2009 WL 2985949, at *12 (Tenn. Crim. App. Sept. 18, 2009), *perm. app. denied* (Tenn. Feb. 22, 2010).

Petitioner has since raised numerous other challenges to his convictions and sentences. *See Jeffery Yates v. State*, No. W2014-00325-CCA-R3-CO, 2015 WL 128097, at *1-2 (Tenn. Crim. App. Jan. 8, 2015), *perm. app. denied* (Tenn. May 15, 2015). Petitioner has been denied relief in each instance.

On November 28, 2018, Petitioner filed another petition for post-conviction relief, alleging that his 2003 trial counsel was ineffective and that the trial court lacked jurisdiction to enter an amended judgment. On December 5, 2018, the post-conviction court summarily dismissed the petition, concluding that the grounds had been waived or previously determined. On appeal, a panel of this court affirmed the post-conviction court's decision. *Jeffery Yates v. State*, No. W2018-02246-CCA-R3-PC, 2019 WL 4256379 (Tenn. Crim. App. Sept. 6, 2019), *no perm. app. filed*.

On January 9, 2019, Petitioner filed yet another petition for post-conviction relief that is almost identical to the post-conviction petition filed on November 28, 2018. Petitioner again alleged claims concerning the effectiveness of his trial counsel and appellate counsel from his 2003 convictions, and Petitioner again alleged that his 2018 amended judgment was illegal because, he alleged, the trial court lacked jurisdiction to enter the amended judgment. On February 15, 2019, the post-conviction court summarily dismissed the petition, concluding that the grounds for relief have clearly been waived as previously determined. It is from this judgment that Petitioner now appeals.

*Analysis*

A petition for post-conviction relief shall be dismissed where "the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." T.C.A. § 40-30-106(f); *see Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("When a claim has been previously determined, it cannot form the basis for post-conviction relief."). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-106(h). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id*. The dismissal of a post-conviction petition is an issue of law, which we review de novo. *See Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002).

Regarding Petitioner's claims with respect to his trial counsel's performance for his 2003 convictions, we conclude that those claims were addressed by the court in his previous petition and therefore were previously decided. *See Yates*, 2009 WL 2985949, at *1. Any claims not contained in his previous petition are waived. Additionally, Petitioner's contention that the Shelby County Criminal Court lacked jurisdiction to enter amended judgments in 2018 has also previously been decided. *See id*., at *3. As such, we conclude that he is not entitled to relief.

## CONCLUSION

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE